**UNITED STATES ex rel. COLANGELO v. BROMBERG, Acting Officer in Charge of Immigration and Naturalization Service.**

No. 130.

District Court, W. D. Pennsylvania.

Aug. 3, 1945.

S. V. Albo, of Pittsburgh, Pa., for relator.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., and Edward C. Boyle, Asst. U. S. Atty., of Pittsburgh, Pa., for respondent.

GIBSON, District Judge.

On July 19, 1945, pursuant to petition of the relator, the instant writ of habeas corpus issued. At the time it was served C. Garfinkel, Officer in Charge of Immigration and Naturalization Service, Pittsburgh, was in charge of the petitioner, and he made return to the writ.

The relator entered the United States in 1925, at which time he was not in possession of a valid visa. On April 23, 1931, he received a naturalization certificate at Youngstown, Ohio. Later it was discovered that he had not been in the United States for a part of the period set forth in his petition, and he was indicted for perjury and entered a plea of guilty. His certificate of naturalization was cancelled. It was developed at or prior to his plea to the perjury indictment that he had entered the United States without a valid visa and deportation proceedings were begun upon that charge on December 13, 1935. After hearing the Assistant Secretary of Labor issued the warrant for his deportation on February 17, 1936.

■ At the hearing upon the writ the relator testified to his inability to speak or understand the English language well, and alleged that he had no real knowledge of the significance of his deportation hearing, as he was not represented by counsel. His contention in this respect is contradicted by the action of the Assistant Secretary of Labor, and to give force to it the record of the hearing should have been produced or the essential parts of it set forth. O'Connell ex rel. Kwong Han Foo v. Ward, 1 Cir., 126 F.2d 615; Low Wah Suey v. Backus, 225 U.S. 460, 472, 32 S.Ct. 734, 56 L.Ed. 1165.

The relator urges that a deportation order should be promptly executed and points to the fact that nine years have intervened between the issuance of the order of deportation and the present order to report for execution of the order. There is an explanation of this delay found in the practice of the Kingdom of Italy to refuse visas to its nationals who have attempted to change their allegiance, especially where criminal charges have been made against them, and even though the delay may seem to have been unconscionable, the explanation of it cannot be ignored.

■ While the relator has attacked the method by which he was given a hearing, he still has admitted the fact upon which the deportation order was based, namely, his unlawful entry into the United States in 1925, and has also admitted the falsity of testimony in support of his application for citizenship. These admissions make it quite plain that sufficient testimony was be-

fore the Department to form a base for the order of deportation.

 This court is far from asserting any right in it to set aside or overrule any deportation order made by the proper Department which is based upon sufficient evidence and due procedure. With an understanding to this effect, we trust we will be permitted to state that some facts exist which might lead the Department to show some leniency to the relator. He first came to the United States in 1913, returning to Italy in 1921, and again entering the United States in 1925, without a visa as stated supra. His failure to state his absence from this country in 1921–1925 led to the perjury charge against him. When in Youngstown, Ohio, prior to 1933, he was employed by the Republic Steel Company, and continuously since 1933, with a four months interval, he has been employed by the Jones & Laughlin Steel Corporation. During the nine years subsequent to the deportation order his conduct has not been questioned. His two sons have been admitted to citizenship. He has been resting under the belief that the order of deportation was not in force. Under these circumstances the Department might feel inclined to vacate the order. With this possibility in mind this court will not make an order herein for one month from date to allow the relator to apply to the Board of Immigration Appeals or other proper authority to vacate or modify the order now in force.